UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Austin Carrigg,<br>On behalf of M.C.<br>11351 Woodglen Drive, Apt. 649<br>North Bethesda, MD 20852<br><br>      Plaintiff,<br><br>      v.<br><br>Gallaudet University,<br>800 Florida Ave. NE<br>Washington D.C. 20002<br><br>      Defendant<br><br>to serve:<br><br>ROBERTA J. CORDANO<br>President<br>Gallaudet University<br>800 Florida Ave.<br>College Hall 208<br>Washington, D.C. 20002 | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  **Civil Action No.**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

COMES NOW Plaintiff, Ms. Austin Carrigg ("Ms. Carrigg") by and through the undersigned counsel, as a party aggrieved by a hearing officer's decision to respectfully request this Court reverse a hearing officer's decision to not award compensatory education for Gallaudet's failure to provide M.C. transportation to and from school. The hearing officer's failure to consider compensatory education for this denial of a free appropriate public education ("FAPE") was in error. Ms. Carrigg respectfully requests this Court reverse the hearing officer's decision and award reasonable compensatory education. Ms. Carrigg pleads as follows:

1

## PRELIMINARY STATEMENT

1. This is an appeal of a hearing officer's determination ("HOD") issued April 19, 2021 which failed to award any compensatory education for KDES's failure to transport M.C. to and from school during the 2017-18 and 2018-19 school years.

## JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to the Education of the Deaf Act ("EDA") 20 U.S.C. § 4304 which incorporates provisions of the Individuals with Disabilities Education Improvement Act ("IDEA") for denials of FAPE, 20 U.S.C §§ 1400-1461 and declaratory relief is authorized by 28 U.S.C §§ 2201, 2202.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## PARTIES

4. Plaintiff, Ms. Austin Carrigg is a resident of the District of Columbia ("the District") and is the educational decision-maker for her eight-year-old daughter, M.C.

5. At all times relevant to this complaint, Ms. Carrigg resided in the District of Columbia.

6. For the purposes of this Complaint, the terms Gallaudet University and Kendall Demonstration Elementary School ("KDES") are coterminous.

7. Defendant, Gallaudet University is federally chartered private university in the District of Columbia. Pursuant to 20 U.S.C. § 4304 "The Board of Trustees of Gallaudet University is authorized . . . to maintain and operate the Laurent Clerc National Deaf Education Center to carry out exemplary elementary and secondary education programs . . . ." 20 U.S.C. § 4303(1)(A). The Kendall Demonstration Elementary School is under the direction of the Laurent Clerc National Deaf Education Center at Gallaudet University. 20 U.S.C. § 4303(C)(i).

## FACTUAL BACKGROUND

*Introduction*

8. Ms. Carrigg's daughter, M.C., is eight years old.

9. M.C. had been enrolled at KDES in the District of Columbia since the 2015-16 school year.

10. KDES is a day school educating Deaf and hard of hearing students from birth through eighth grade.

11. M.C. lives with multiple disabilities including and that she is profoundly Deaf and Trisomy 21 ("Down Syndrome").

12. M.C. also has several other conditions such as Glycogen Storage Disease, Sleep Apnea, Hypothyroidism, Osteoporosis, Dysphagia, Esophageal Reflux, and several allergies.

13. M.C.'s native language is American Sign Language ("ASL").

14. M.C. cannot communicate in any spoken language including English.

15. In the deaf community, persons like M.C. with additional disabilities are referred to as "Deaf plus."

*Transportation*

16. Gallaudet provides door-to-door transportation to all students within a fifteen (15) mile radius of the U.S. Capitol Building unless the child resides on a military base.

17. At all times when M.C. was enrolled with KDES, Ms. Carrigg resided within fifteen (15) miles of the U.S. Capitol Building.

18. Ms. Carrigg requested transportation services for M.C. many times since the start of the 2017-18 school year.

19. Before the 2017-18 school year, Ms. Carrigg requested transportation services for M.C.

20. Gallaudet rejected that request for transportation services.

21. On or about March 2018, Ms. Carrigg and M.C. moved from Joint Base Anacostia-Bolling to Northwest D.C.

22. On or about March 2018, Ms. Carrigg informed Gallaudet of their move and requested transportation services for M.C.

23. Gallaudet rejected Ms. Carrigg's request for transportation services pushing the discussion of transportation off to a later indeterminate date.

24. Ms. Carrigg requested transportation again for M.C. before the start of the 2018-19 school year.

25. Gallaudet ignored and in effect rejected Ms. Carrigg's request for transportation services.

26. At M.C.'s IEP meeting on or about May 9, 2019, Ms. Carrigg renewed her request for transportation to and from Gallaudet for M.C.

27. Gallaudet again ignored and in effect rejected Ms. Carrigg's request pushing any discussion of transportation off until after the commencement of the 2019-20 school year.

28. At all times relevant to this complaint, Gallaudet has refused to or been deliberately indifferent to M.C.'s need for transportation.

29. At the due process hearing, at least one KDES witnesses testified that M.C. should not receive transportation services because of her purported lack of stamina as a result of her disabilities.

30. However, the hearing officer held that M.C. should have been eligible for transportation services to and from school.

31. Multiple KDES staff member who worked directly with and observed M.C. testified that M.C. needed support to socialize and engage with her peers. According to these staff

members, M.C. was unable to independently socialize with her peers.

32. Ms. Carrigg testified that M.C. wanted to be doing the same things as her peers, including riding the school bus.

33. All of KDES witnesses also admitted that it would be unsafe for KDES to get to and from school without transportation services.

34. KDES's witnesses also testified that M.C. is able to use transportation services to and from school field trips.

*Hearing Officer's Error*

35. In the underlying administrative EDA case, Ms. Carrigg requested compensatory education (1) to redress KDES's failure to provide a nurse <u>and</u> (2) to remedy KDES's failure to provide M.C. with transportation services to and from school. (emphasis added.)

36. In the administrative decision, the hearing officer considered compensatory education for KDES's failure to provide a nurse, but failed to consider and award any compensatory education for KDES's refusal to transport M.C. to and from school.

37. Before determining an award of compensatory education for KDES's failure to provide a nurse and implement her IEP, the hearing officer ordered a compensatory education study.

38. A condition of the hearing officer's compensatory education study was that neither Ms. Carrigg's counsel nor Gallaudet's counsel were allowed to consult with the compensatory education expert.

39. Ultimately, the hearing officer failed to award any compensatory education for KDES's failure to transport M.C. and the loss of social skills and language skills she would have

developed while riding the bus with her peers to and from school.

## COUNT I

**The Hearing Officer Erred in failing to award any compensatory education to make up for M.C.'s loss of socialization when KDES's failed to transport M.C. to and from school.**

40. Plaintiff reincorporates paragraphs 1-39 and reasserts them as part of Count I.

41. To prevail on an IDEA appeal, the "party challenging the administrative determination must at least take on the burden of persuading the court that the hearing officer was wrong . . . ." *Reid v. District of Columbia*, 401 F.3d 516 (D.C. Cir. 2005) (citing *Kerkam v. McKenzie*, 862 F.2d 884, 887 (D.C. Cir. 1989)).

42. Ms. Carrigg's EDA[1] complaint contained two issues: (1) KDES's failure to implement a nurse as required by her IEPs and (2) KDES's refusal to provide transportation service for M.C. to and from KDES.

43. To remedy KDES's failure to provide a nurse at various times, the hearing officer awarded KDES compensatory education to make up for her loss of educational benefit during those various times.  The hearing officer only considered compensatory education to remedy KDES's failure to provide a nurse to M.C.

44. To remedy KDES's failure to provide M.C. with transportation services, the hearing office awarded Ms. Carrigg reimbursement for the mileage she drove to and from KDES in light of KDES's refusal to transport M.C.

45. However, the hearing officer failed to consider or award any compensatory education to M.C. for her loss of socialization that she would have experienced had she been on the bus during the 2017-18 and 2018-19 school years.

---

[1] The EDA incorporates provisions of the Individuals with Disabilities Education Improvement Act ("IDEA") for denials of FAPE.

46. The hearing officer's decision does not include any comment about compensatory education as a possible remedy for KDES's failure to transport M.C. to and from school.

47. The hearing officer erred in failing to consider and award any compensatory education services for KDES's refusal to transport M.C. to and from school during the 2017-18 and 2018-19 school years.

## RELIEF

Based on the foregoing, Ms. Carrigg respectfully requests the following relief:

1. VACATE the hearing officer's decision in part for his failure to award compensatory education for Gallaudet's failure to provide M.C. transportation to and from school.

2. ENTER JUDGMENT awarding Ms. Carrigg equitable relief, including but not limited to compensatory education for Gallaudet's failure to provide M.C. transportation to and from school; and

3. GRANT Ms. Carrigg such other and further relief as this Court may deem just and proper.

Respectfully Submitted,

/s/ *Charles Sibert*
Charles Moran [970871]
Charles Sibert [1510808]
1100 H Street N.W. Ste 260
Washington, D.C. 20005
(p) (202) 450-2864
(p) (202) 450-2776
charles.moran@camoranlaw.com
charles.sibert@camoranlaw.com
*Attorneys for Plaintiff*

July 19, 2021